13-1635-cv
*Varney v. Verizon Communications, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fourteen.

PRESENT:    ROBERT D. SACK,
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

---

RICHARD VARNEY, individually and as Administrator
of the Estate of Lillian Varney, deceased,

                        *Plaintiff-Appellant*,

 -v-                                                           No. 13-1635-cv

VERIZON COMMUNICATIONS, INC., VERIZON EMPLOYEE
BENEFITS COMMITTEE, VERIZON MANAGEMENT PENSION PLAN,

                        *Defendants-Appellees*,

NYNEX MANAGEMENT PENSION PLAN, NYNEX,
NYNEX INITIAL CLAIMS COMMITTEE, NYNEX EMPLOYEE
BENEFITS COMMITTEE, HEWITT ASSOCIATES COMP., LLC,
NYNEX MANAGEMENT GROUP LIFE INSURANCE PLAN,
NYNEX SUPPLEMENTARY GROUP LIFE INSURANCE PLAN,

                        *Defendants*.

---

1

PETER A. ROMERO, Frank & Associates, P.C., Farmingdale, NY, *for Plaintiff-Appellant*.

CHRISTIAN J. PISTILLI, Covington & Burling LLP, Washington, DC, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Richard Varney appeals from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*; Tomlinson, *M.J.*), entered March 30, 2013. The district court granted summary judgment for Defendants-Appellees Verizon Communications, Inc., the Verizon Employee Benefits Committee, and the Verizon Management Pension Plan (collectively, "Appellees") on Varney's claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Varney, individually and on behalf of the estate of his deceased mother, Lillian Varney, argues that the administrator abused its discretion in interpreting the terms of his mother's pension plan applicable to benefits payable following her death. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

"We review *de novo* a district court's decision granting summary judgment in an ERISA action based on the administrative record and apply the same legal standard as the district court." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 130 (2d Cir. 2008). If "the benefit plan gives the administrator or fiduciary discretionary authority to assess a participant's eligibility," then the administrator's decision "is subject to arbitrary and capricious review and will be overturned only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Thurber v. Aetna Life Ins. Co.*, 712 F.3d 654, 658 (2d Cir. 2013) (internal quotation marks omitted). Neither party disputes on appeal that the plan gives such authority to the plan administrator.

2

Under arbitrary and capricious review, "[w]here both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the administrator's interpretation must be allowed to control." *McCauley*, 551 F.3d at 132 (internal quotation marks omitted). On the other hand, "[w]here the administrator imposes a standard not required by the plan's provisions, or interprets the plan in a manner inconsistent with its plain words, its actions may well be found to be arbitrary and capricious." *Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 486 (2d Cir. 2013) (internal quotation marks omitted).

Appellees objected to one portion of the magistrate judge's Report and Recommendation ("R&R"), which concluded that Varney was owed a death benefit under the plan.[1] The district court agreed with Appellees' objection, holding that the administrator's interpretation of the plan was plausible. Consequently, the district court granted summary judgment to Verizon.

The parties agree that the NYNEX Pension Management Plan ("NYNEX Plan"), as amended June 17, 1993, is the version of the plan relevant here, as it is the plan document that was in effect at the time of Lillian Varney's termination. Section 5 of the NYNEX Plan governs death benefits, and it provides in Section 5.2 for a "Sickness Death Benefit," payable when an employee dies from sickness or injury during the course of employment.[2] That benefit is "subject to the conditions imposed . . . elsewhere in this Plan" and is payable only if there are certain eligible beneficiaries,

---

[1] Varney did not object to any part of the R&R. Accordingly, the propriety of Appellees' denial of the death benefit – the only portion of the R&R not adopted by the district court – is the only issue we review on appeal. *See Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

[2] Section 5.1 of the NYNEX Plan creates an "Accident Death Benefit," and Section 5.3 provides for a "Pensioner Death Benefit Amount."

as designated in Section 5.4. Section 5.4 provides that eligible beneficiaries "are limited to the spouse and the dependent children and other dependent relatives of the deceased." Last, Section 5.6 bears the heading "Death After Termination of Employment," and provides that a death benefit is payable in the case of *former* employees who "became disabled by reason of accident or sickness while an employee and continued disabled, until death, to such a degree as to be unable to engage in any gainful occupation." It goes on to provide that "[t]he amount of the Death Benefit, if any, shall not exceed the amount which could have been paid if the disabled person had died on the day he ceased to be an employee . . . ."

The administrator of the plan rejected Varney's claim for a death benefit under Section 5.6, reasoning that Section 5.6 did not create a death benefit, but rather served as a modification of the benefits created elsewhere in that Section – pertinently here, the Sickness Death Benefit from Section 5.2. Because the benefit in Section 5.2 is limited by the list of eligible beneficiaries in Section 5.4, and because Lillian Varney had no eligible beneficiary as defined in Section 5.4 at the time of her death, the administrator concluded that no death benefit was owed to Varney. We agree with the district court that this "interpretation is at least a reasonable one." Accordingly, we uphold the administrator's rational conclusion, despite the alternate reading that Varney urges us to adopt. *See McCauley*, 551 F.3d at 132.

We have considered all of Varney's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4